UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ISMAEL SANCHEZ ROMAN,<br><br>    Petitioner,<br><br>v.<br><br>KRISTI NOEM, *et al.*,<br><br>    Respondents. | Case No. 2:25-cv-01684-GMN-EJY<br><br>**ORDER DENYING APPLICATION FOR TEMPORARY RESTRAINING ORDER AND SERVING PETITION** |

    Petitioner Ismael Sanchez Roman, who is represented by counsel, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging his immigration detention at the Nevada Southern Detention Center. ECF No. 1.  Having conducted a preliminary review of the petition, the Court now directs that it be served on the respondents and sets a schedule for the respondents' appearance and response.

    Along with his petition, Sanchez Roman filed an Application for a Temporary Restraining Order. ECF No. 3; *see also* ECF No. 3-1 (Memorandum of Law in Support of Temporary Restraining Order).  In that application, Sanchez Roman requests a temporary restraining order "requiring that Respondents grant Petitioner a custody redetermination hearing on the merits." ECF No. 3-1 at 17.  A temporary restraining order can be issued without notice only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).  Neither Sanchez Roman's petition (ECF No. 1) nor his application for a temporary restraining order makes a showing that irreparable injury, loss, or damage will result before the respondents are served and appear.  Furthermore, Sanchez Roman's counsel does not certify in writing any efforts made to give notice to the respondents and the reasons why notice to the respondents should

not be required before the application for preliminary relief is addressed. Because the application for a temporary restraining order does not satisfy the requirements of Rule 65(b)(1), the Court will deny the application, without prejudice to Sanchez Roman seeking appropriate preliminary relief after the respondents appear.

**IT IS THEREFORE ORDERED** that Petitioner's Application for a Temporary Restraining Order (ECF No. 3) is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to **SERVE** copies of the Petition for Writ of Habeas Corpus (ECF No. 1) and this Order upon the respondents as follows:

- By electronically serving a copy of the petition (ECF No. 1) and this Order, through CM/ECF, on the United States Attorney for the District of Nevada in accordance with Federal Rule of Civil Procedure 5(b)(2)(E) by adding United States Attorney for the District of Nevada to the docket as an Interested Party and sending the documents to Sigal.Chattah@usdoj.gov, Veronica.criste@usdoj.gov, caseview.ecf@usdoj.gov. This does not indicate acceptance of service.

- By sending a copy of the petition (ECF No. 1) and this Order by mail to: (1) John Mattos, Warden, Nevada Southern Detention Center, 2190 E. Mesquite Ave., Pahrump, NV 89060; (2) Jason Knight, Salt Lake City Field Office Director, U.S. Immigration & Customs Enforcement, Enforcement and Removal Operations, 2975 Decker Lake Drive, Suite 100, West Valley City, UT 84119-6096; (3) Kristi Noem, Secretary of the Department of Homeland Security, 3801 Nebraska Ave. NW, Washington, DC 20528; (4) Pamela Bondi, Attorney General of the United States, 950 Pennsylvania Avenue, NW, Washington, DC 20530-0001, and (5) Todd Lyons, Director, U.S. Immigration and Customs Enforcement, 500 12th Street, SW, Washington, DC 20536.

///
///
///
///
///
///
///
///
///

**IT IS FURTHER ORDERED** that the respondents must appear in this action by **September 12, 2025**, and must file and serve a response to the Petition for Writ of Habeas Corpus (ECF No. 1) by **September 29, 2025**, unless additional time is allowed for good cause shown. Petitioner will have 15 days following the date the response is filed to file and serve a reply. Local Rule 7-2(b) will govern the schedule for briefing of motions.

DATED THIS __9_ day of ____September_____, 2025.

_____
GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE