MICHAEL KAGAN
Nevada Bar No. 12318C
TIA ZGHAIB
RAYMOND WU
Student Attorneys Practicing
Under Nevada Supreme Court Rule 49.3
Attorneys for Petitioner
**UNLV IMMIGRATION CLINIC**
Thomas & Mack Legal Clinic
William S. Boyd School of Law
University of Nevada, Las Vegas
P.O. Box 71075
Las Vegas, Nevada 89170
Telephone: 702-895-3000
Facsimile: 702-895-2081
Email: michael.kagan@unlv.edu
Email: zghaib@unlv.nevada.edu
Email: wur7@unlv.nevada.edu

*Counsel for Petitioner Ismael Sanchez Roman*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA (Las Vegas)**

| | |
|---|---|
| **ISMAEL SANCHEZ ROMAN** | Case No.: 2:25-cv-01684-RFB-EJY |
| *Petitioner*, | |
| v. | Agency No: A 074 581 919 |
| **KRISTI NOEM**, in her official capacity as Secretary, U.S. Department of Homeland Security; 245 Murray Lane SW, Washington, DC 20528; | **JOINT STATUS REPORT PURSUANT TO ORDER GRANTING PETITIONER'S TEMPORARY RESTRAINING ORDER (ECF No. 12) AND STIPULATION AND ORDER OF DISMISSAL** |
| **U.S. DEPARTMENT OF HOMELAND SECURITY** | |
| **PAMELA J. BONDI**, in her official capacity as Attorney General of the United States, 950 Pennsylvania Avenue, NW, Washington, DC, 20530; | |
| **U.S. DEPARTMENT OF JUSTICE** | |

**TODD LYONS,**
    in his official capacity as Acting Director and Senior Official Performing the Duties of the Director for U.S. Immigration and Customs Enforcement, 500 12th Street, SW, Washington, DC 20536;

**JASON KNIGHT,**
    in his official capacity as Acting Field Office Director, Salt Lake City Field Office Director, U.S. Immigration & Customs Enforcement, 2975 Decker Lake Drive Suite 100, West Valley City, UT 84119-6096

**U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT**

**JOHN MATTOS,**
    in his official capacity as Warden, Nevada Southern Detention Facility, 2190 E. Mesquite Ave. Pahrump, NV 89060

                                  *Respondents.*

Petitioner Ismael Roman Sanchez ("Petitioner") and Federal Respondents ("Respondents"), by and through their undersigned counsel, hereby submit this Joint Status Report pursuant to this Court's Order Granting Petitioner's Temporary Restraining Order ("TRO"). ECF No. 12. Petitioner and Federal Respondents, by and through their respective counsel, also stipulate to the dismissal without prejudice of each and every cause of action alleged in the Petition for Writ of Habeas Corpus filed in this case (ECF No.1), each party to bear its own fees and costs.

///

///

///

///

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  Background

On September 8, 2025, Petitioner filed his Petition for Writ of Habeas Corpus pursuant to 18 U.S.C. § 2241.  ECF No. 1.  The same day, Petitioner filed a Motion for Temporary Restraining Order (TRO).  ECF No. 3.  Judge Navarro denied the TRO on September 9 because it was treated as an *ex parte* request and did not follow the proper notice procedures.  *Id.*  Petitioner refiled the TRO on September 12, clarifying that it was not sought *ex parte*.  ECF No. 5.  On September 18, pursuant to Local Rule 42-1 and Federal Rule of Civil Procedure 42(a), this case was transferred to this Court based on the common questions of fact and law raised in the instant Petition and in *Maldonado Vazquez v. Feeley*, Case No. 2:25-cv-01542-RFB-EJY. ECF No. 7-8.  On September 12, Respondents appeared in the case and on September 21, 2025, Respondents filed their Opposition to the Motion for TRO.  ECF Nos. 10-11.

## II.  Status Report

On September 22, 2025, the Court held a hearing on Petitioner's TRO.  ECF No. 5.  The Court granted the TRO and ordered the Immigration Court to grant Petitioner a bond hearing within seven (7) days of the order.  *See* ECF No. 12.  On September 25, 2025, the Immigration Court held the hearing, with Judge Baker as the presiding Immigration Judge ("IJ").  Judge Baker ruled that Petitioner will not be released on bond based on concerns regarding the Petitioner's danger to the community if released.

## III.  Joint Stipulation

In this case, the parties agree that the Petition for Writ of Habeas Corpus (ECF No. 1) is moot.  Petitioner filed his Petition in order to obtain a bond hearing under 8 U.S.C. § 1226 ("Section 1226"), rather than mandatory detention without opportunity for a bond hearing under 8 U.S.C. § 1225 ("Section 1225").  Because the IJ held a bond hearing pursuant to this Court's

order and compliant with Section 1226, the issues raised by this Petition are now moot. This stipulation does not indicate concession of any issues raised by the parties.

### IV.     Conclusion

For the foregoing reasons, counsel for Petitioner and Federal Respondents have conferred regarding the petition for Writ of Habeas Corpus and agreed to its dismissal.

Respectfully submitted this 30th day of September 2025,

| | |
|---|---|
| SIGAL CHATTAH<br>Acting United States Attorney | /s/Michael Kagan<br>Michael Kagan<br>Nevada Bar No. 12318C |
| /s/ Christian R. Ruiz<br>Christian R. Ruiz<br>Assistant United States Attorney<br>*Attorneys for the Federal Respondents* | /s/Tia A. Zghaib<br>Tia A. Zghaib<br>Student Attorney Practicing<br>Under Nevada Supreme Court Rule 49.3 |
| | /s/Raymond Wu<br>Raymond Wu<br>Student Attorney Practicing<br>Under Nevada Supreme Court Rule 49.3<br>*Attorneys for Petitioner* |

**UNLV IMMIGRATION CLINIC**
Thomas & Mack Legal Clinic
William S. Boyd School of Law
University of Nevada, Las Vegas
P.O. Box 71075
Las Vegas, Nevada 89170
Telephone: 702-895-3000
Facsimile: 702-895-2081

**IT IS SO ORDERED**. The Petition is **DISMISSED without prejudice** as moot, parties to bear their own fees and costs.

The Clerk of Court is directed to close the case.

**DATED** this 1st day of October, 2025.

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE

*JOINT STATUS REPORT AND STIPULATION AND ORDER OF DISSMISSAL*